Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006

Attorneys for Defendant Davol Inc.
and Defendant C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIANN HENDRICKS,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC.; and<br>C.R. BARD, INC.,<br><br>Defendants. | Case No.:________________<br><br>**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Eighth Judicial District Court of Nevada in and for Clark County, Nevada, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff's Complaint is nearly identical to numerous other product liability complaints filed against Davol throughout the country. Plaintiff alleges that the Composix® Kugel® hernia patch, an FDA-approved medical device manufactured and sold by Davol for use in the repair of soft tissue defects, including hernias, was defective and unreasonably dangerous when put to its intended use. In 2006, two federal court plaintiffs with similar claims filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and centralization of all federal cases involving this medical device pursuant to 28 U.S.C. § 1407. On May 31, 2007, the JPML heard that motion, and on June 22, 2007, the JPML granted the plaintiffs' motion for transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal cases concerning the Composix® Kugel® hernia patch have been transferred or are in the process of being transferred to the District of Rhode Island for consolidated pretrial proceedings styled as *In re: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*, No. 1:07-MDL-1842-ML (D.R.I.) (J. Lisi). With Defendants' removal, the present action can and should become part of those MDL proceedings in due course.

2. In the instant action, Plaintiff commenced this action with her Complaint filed in Eighth Judicial District Court of Nevada in and for Clark County, Nevada, on or about December 21, 2007, as Case No. A554120. Bard was served with the Complaint on or about January 28, 2008. Davol has not yet been served, but expressly joins in this Notice of Removal.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Ex. A. Defendants are informed and believe per the State Court docket that no further proceedings have

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

occurred in this matter in the Eighth Judicial District Court apart from the filing of a Complaint and issuance and return of a Summons.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Eighth Judicial District Court of Nevada in and for Clark County, Nevada, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 108.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol and Bard, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Eighth Judicial District Court of Nevada in and for Clark County, Nevada, where Plaintiff's Complaint is pending. A copy of this Notice of Removal and the written notice of the same provided to the state court is also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

**II. THIS COURT HAS DIVERSITY JURISDICTION**

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Amount-In-Controversy Requirement Is Satisfied**

8. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount in damages, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries

allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 4-5.) Plaintiff alleges that due to its allegedly defective design, the Composix® Kugel® hernia patch failed, causing Plaintiff to suffer injuries, including an additional surgery to remove the mesh, which caused bowel complications and will require additional bowel surgery. (*Id.* ¶¶ 17-18, 20.) Plaintiff also alleges that that as a result of the implantation and removal of the allegedly defective Composix® Kugel® hernia patch, she has "suffered and will continue to suffer physical pain and mental anguish." (*Id.* ¶ 23.) Plaintiff further alleges, that she has "incurred substantial medical bills and lost wages due to...[her] injury. (*Id.* ¶ 24.) Plaintiff seeks recovery of damages, court costs and "other such relief this Court deems just and appropriate." (*See* Compl. "Prayer".)

9. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory and punitive damages allegations make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co., supra*). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in excess of $75,000. *See, e.g., Poston v. Davol Inc., et al.*, No. 2:07-cv-00032 (E.D. Cal.) (alleging damages "in the amount of $1,000,000,000") (Ex. B); *Risley v. Davol Inc., et al.*, 07-cv-0806 (S.D. Cal.) (alleging damages in excess of requisite amount required by 28 U.S.C. § 1332) (Ex. C); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

10. Plaintiff is a citizen and resident of the State of Nevada. (*See* Compl. ¶ 1.)

11. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Eighth Judicial District Court of Nevada in and for Clark County, Nevada, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

DATED this 11 day of February, 2008.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant Davol Inc.
and Defendant C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

## CERTIFICATE OF SERVICE BY MAIL

I HEREBY CERTIFY that on this 11th day of February, 2008, a true copy of the foregoing **Defendant Davol Inc.'s and Defendant C.R. Bard, Inc.'s Notice of Removal to Federal Court** was mailed, postage prepaid, to the following:

Keith D. Cable, Esq.
CABLE LAW OFFICES
907 Tahoe Blvd., Suite 2
Incline Village, NV 89450

[signature]
an employee of Smith, Larsen & Wixom